IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEXUS BELL-BOYD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:25-cv-01753-E-BT |
| § | |
| DOT MEDICAL AND DRUG § | |
| TESTING SERVICES, *et al.*, § | |
| § | |
| Defendants. § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Lexus Bell-Boyd, proceeding *pro se*, initiated this civil action against DOT Medical and Drug Testing Services, Dr. Nicholas Taussig, Keon Choi, Donna Coy, Douglas Lewis, and Amber Willis on July 7, 2025. *See* Compl. (ECF No. 3). To date, Bell-Boyd has failed to effect proper service in compliance with Federal Rule of Civil Procedure 4 and an order of this Court. Additionally, Plaintiff has failed to keep the Court apprised of her current address. Therefore, the District Judge should DISMISS this case without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

## *Background*

Bell-Boyd alleges that Defendants "issued a falsified or grossly inaccurate drug test result, alleging that Plaintiff tested positive for illicit substances" which caused "a Texas family court judge [to deny] Plaintiff any visitation . . . with her minor children." Compl. at 2, ¶¶ 8, 10 (ECF No. 3). She brings claims for violations

1

of 42 U.S.C. § 1983, fraud and misrepresentation, gross negligence, and intentional infliction of emotional distress. *Id.* at 3, ¶¶ 14–21. Bell-Boyd initially filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4) but later paid the filing fee on July 30, 2025. *See* Order at 1 (ECF No. 8) (terminating Motion for Leave to Proceed *In Forma Pauperis* as moot in light of Plaintiff's payment of filing fee).

Bell-Boyd provided an address upon filing but documents the Court has recently tried to send to Bell-Boyd at that address—including an order instructing Bell-Boyd to prosecute the current action (ECF No. 8)—have been returned to the Court as "undeliverable," indicating that Bell-Boyd moved and failed to advise the Court of her new address. *See* Mail Returned (ECF No. 9).

### *Legal Standards and Analysis*

Under Federal Rule of Civil Procedure 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not

2

served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."). The Court reminded Bell-Boyd of her obligation to properly serve Defendants, ordered her to file proof of service with the Court by October 6, 2025, and warned her that failure to do so could result in dismissal of her lawsuit. Order at 2 (ECF No. 8) ("Bell-Boyd is ORDERED to serve Defendants with a summons and the complaint and file proof of service with the Court by October 6, 2025. If Bell-Boyd fails to do so, the Court may recommend that her lawsuit be dismissed without prejudice.").

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–42 (5th Cir. 2016) (failure to comply with court order); *Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and

3

substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

Here, Bell-Boyd initiated this civil action more than 90 days ago. But she has not filed proof of service on any Defendant or offered good cause for this failure. Thus, Bell-Boyd has failed to comply with a Court order and the Federal Rules of Civil Procedure, and she failed to prosecute this lawsuit, so it should be dismissed under Rules 4(m) and 41(b).

Additionally, in contravention of the local rules of this Court, Rule 41(b), and the Court's standard instructions to *pro se* plaintiffs, Bell-Boyd has failed to keep the Court apprised of her address. *See* ECF No. 2 ("Instructions to a Non-Prisoner *Pro Se* Plaintiff"); *Thompson v. Beatty*, 2023 WL 5311518, at *1 (N.D. Tex. July 28, 2023) (Ray, J.) ("Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes.") (citing *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007)), *adopted by* 2023 WL 5312210 (N.D. Tex. Aug. 17, 2023) (O'Connor, J.); N.D. Tex. Loc. Civ. R. 1.1 (c)(2), 83.13, and 83.14. This case cannot proceed because the Court cannot communicate with Bell-Boyd. As a result, the Court should dismiss Bell-Boyd's case without prejudice for failure to prosecute and failure to follow Court orders.

### *Recommendation*

The District Judge should DISMISS Bell-Boyd's case without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) for failure to prosecute and failure to obey Court orders. If Bell-Boyd updates her address information *and* files

4

a valid return of service as to Defendants or shows good cause in writing before the deadline for objecting to the findings, conclusions, and recommendation expires (explained in more detail below), the Magistrate Judge will withdraw the recommendation to dismiss.

**SO RECOMMENDED.**

November 20, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).